**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-1291

REBECCA L. BROGAN-JOHNSON,

Plaintiff – Appellant,

v.

NAVIENT SOLUTIONS, INC.,

Defendant – Appellee.

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling.  John Preston Bailey, District Judge.  (5:21-cv-00155-JPB)

Submitted:  October 20, 2022                    Decided:  August 11, 2023

Before KING and HARRIS, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Frank X. Duff, Sandra K. Law, SCHRADER COMPANION DUFF & LAW, PLLC, Wheeling, West Virginia, for Appellant.  Jared M. Tully, Mary Claire Davis, Alex J. Zurbuch, FROST BROWN TODD, LLC, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In this appeal, plaintiff Rebecca Brogan-Johnson challenges the Northern District of West Virginia's award of summary judgment to defendant Navient Solutions, Inc. (hereinafter "Navient") — a major student loan servicer — on Brogan-Johnson's state-law breach of contract and consumer protection claims. *See Brogan-Johnson v. Navient Sols., Inc.*, No. 5:21-cv-00155 (N.D.W. Va. Feb. 17, 2022), ECF No. 30 (the "Summary Judgment Order"). By her operative amended complaint of August 2, 2021, Brogan-Johnson alleged that, in 2016, Navient began calculating her monthly student loan payments based on a 4% interest rate, instead of a 3% interest rate that was purportedly set forth in a loan repayment agreement made between Brogan-Johnson and her previous loan servicer in 2002. Contending that Navient had failed to honor the 2002 repayment agreement, Brogan-Johnson pursued three claims for relief: one alleging a breach of contract, and two alleging violations of the West Virginia Consumer Credit and Protection Act (the "WVCCPA").

In December 2021, following discovery proceedings, Navient moved for summary judgment on all of Brogan-Johnson's claims. By its motion, Navient asserted on the one hand that the 2002 repayment agreement — which had consolidated Brogan-Johnson's two existing student loans into one — established a repayment interest rate of 4%, and that any reduction to a 3% interest rate had only been temporary. Separately — and critically — Navient explained that Brogan-Johnson had failed to produce the written terms of the repayment agreement that she claimed had set the 3% interest rate. Indeed, Brogan-Johnson conceded in her filings in the district court that "neither party has the written

2

contractual terms of [the 2002] incentive rate offer." *See* J.A. 61.[1]  With that being so, Navient maintained that Brogan-Johnson was wholly unable to prove either her breach of contract claim or her two claims pursued under the WVCCPA, which alleged that Navient had engaged in fraudulent representations and unfair debt collection practices by billing Brogan-Johnson in excess of the 2002 repayment agreement's provisions.

By its Summary Judgment Order of February 17, 2022, the district court granted Navient's motion and entered judgment in its favor on each of Brogan-Johnson's claims. The court first explained that, in an effort to "afford guarantees against inaccuracies and fraud," the so-called "best evidence rule" or "original document rule" of Federal Rule of Evidence 1002 specifies that "[a]n original writing, recording, or photograph is required in order to prove its content." *See* Summary Judgment Order 8 (citing Fed. R. Evid. 1002). And "proving the content" of the 2002 repayment agreement, the court resolved, was at the very heart of Brogan-Johnson's lawsuit, insofar as each of her claims required establishing that the repayment agreement had set a lasting 3% interest rate that Navient had later disregarded.  Observing that it was undisputed that Brogan-Johnson had not produced any documentary evidence of the original repayment agreement, the court concluded that she was "unable to show the terms set by the [agreement] she now seeks to enforce," in plain contravention of Rule 1002's mandate. *Id.* at 9.[2]  The court deemed Brogan-Johnson's

---

[1] Citations herein to "J.A. __" refer to the contents of the Joint Appendix filed by the parties in this appeal.

[2] The district court also determined that Brogan-Johnson had failed to establish any relevant exceptions to Rule 1002, which generally permit the use of "secondary evidence" (Continued)

failure of evidence fatal to her claims, and thus concluded that summary judgment in Navient's favor was necessary.

Brogan-Johnson timely noticed this appeal, and we possess jurisdiction pursuant to 28 U.S.C. § 1291. In her challenge to the district court's Summary Judgment Order, Brogan-Johnson asserts in pertinent part that Federal Rule of Evidence 1002 is "inapplicable" to her claims and that the court erred in applying the Rule because, as she sees it, the content of the 2002 repayment agreement is "not at issue." *See* Br. of Appellant 13-14.

We disagree. Our review of a district court's award of summary judgment is de novo, *see King v. Rumsfeld*, 328 F.3d 145, 148 (4th Cir. 2003), and we review evidentiary rulings that are determinative of a summary judgment ruling for abuse of discretion, reversing only if the ruling at issue was "arbitrary and irrational," *see Noel v. Artson*, 641 F.3d 580, 591 (4th Cir. 2011). In these circumstances, we are assured that the district court's judgment was neither arbitrary nor irrational, and, having thoroughly examined the record and carefully considered the appellate briefs of the parties, we are satisfied to affirm the well-reasoned Summary Judgment Order of the court below. As the court rightly explained, all of Brogan-Johnson's claims "hinge[d] on the contents" of the 2002 repayment agreement, and Brogan-Johnson failed to establish those contents — leaving

---

of a document if the proponent can establish that "all the originals are lost or destroyed, and not by the proponent acting in bad faith." *See* Fed. R. Evid. 1004(a). On appeal, Brogan-Johnson does not meaningfully challenge the court's conclusion that she failed to meet that burden, and we ascertain no error in the court's judgment.

4

her claims without any legal foundation.  With that, we readily adopt the court's Summary Judgment Order, disposing of the issues before us.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

*AFFIRMED*